**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT LEE DRAIN,

    Plaintiff,

v.                                                                        Case No. 06-CV-15489

T.K. COZZA-RHODES, HELEN MARBERRY,
JAY BYBEE, G.L. HERSHBERGER, HARLEY
LAPPIN and PAUL COTES,

    Defendants.
                                                                   /

**OPINION AND ORDER GRANTING DEFENDANTS'
"MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT"**

Pending before the court is Defendants'[1] June 4, 2007 "Motion to Dismiss and/or for Summary Judgment." This motion has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendants' motion.

**I. BACKGROUND**

On December 12, 2006, *pro se* Plaintiff Robert Lee Drain, a prisoner housed at the Milan Detention Center in Milan, Michigan, filed his complaint against Defendants, employees of the Federal Bureau of Prisons and the Department of Justice. Plaintiff contends that Defendants violated various of his rights under the United States Constitution by failing to provide him access to the courts. (*See generally* Pl.'s Compl.)

---

      [1]When referring to "Defendants," the court refers collectively to T.K. Cozza-Rhodes, Helen Marberry, Harley Lappin and Paul Cotes. These Defendants allege that G.L. Hershberger and Jay Bybee have not been served process, have not waived service of process and that Hershberger and Bybee are therefore not properly before the court. (Defs.' Mot. at 1, n.1.)

Plaintiff indicates that, during the time he was in federal custody, he had an appeal pending in the Michigan Court of Appeals. (Pl.'s Resp. at 8.) Plaintiff maintains that he was denied access to the courts by virtue of the fact that the federal detention facility where he was placed did not have the Michigan law books Plaintiff needed to challenge his state convictions and sentences. (*Id.* at 8-9.) Plaintiff explains that the lack of Michigan law books has prevented him from filing a motion for relief from judgment in the state trial court and a response to the prosecutor's appellate brief. (*Id.*) Plaintiff alleges that as a consequence of his failure to file the aforementioned, he has been rendered unable to exhaust his available state remedies and, in turn, rendered unable to file a writ of habeas corpus, the filing of which requires the prisoner to have exhausted his available state remedies. (*Id.*)

Plaintiff, a Michigan state prisoner awaiting trial on federal charges, was incarcerated as a pretrial detainee at a federal detention facility from January 6, 2004 through August 30, 2004. (Defs.' Mot. at 3.) Plaintiff indicates that, upon realizing that the federal detention facility did not have Michigan law books, he wrote to numerous state offices requesting Michigan law materials to enable him to challenge his state law convictions, but never received a response. (Pl.'s Compl. at 8.) In May 2004, he sent a letter to Defendants requesting that they notify the United States Marshals Service ("Marshals") that Plaintiff is a state prisoner with no access to state legal books and also requesting that he be transferred to a state facility that had state law books. (*Id.* at 8-9.) In June 2004, Defendant Helen Marberry, warden at the federal detention facility, sent Plaintiff a response letter denying his request to be transferred and indicating that Bureau of Prisons Statement 1315.07 provides that "the Bureau of Prisons is not

mandated to provide state case law and other state legal materials." (6/22/04 Letter, Defs.' Mot. Ex. 2(D).) Marberry did note that Plaintiff's unit team would be available to assist him by providing addresses to state offices that may be able to grant him his requested state legal materials. (*Id.*)

On June 30, 2004, Plaintiff appealed the warden's decision, contending that Bureau of Prisons Program Statement 1315.07 did not apply to him because he was not a Bureau of Prisons prisoner, but rather, he was a Marshals' prisoner and requesting that the Marshals be notified of his concerns. (6/30/04 Appeal, Defs.' Mot. Ex. 2(E).) In August 2004, Plaintiff's appeal was denied, again on the ground that the Bureau of Prisons is not obligated to provide inmates with state legal materials. (8/16/04 Letter, Defs.' Mot. Ex. 2(E).) The denial letter reiterated that Plaintiff could contact his unit team for addresses to state offices that may be able to provide the requested materials, and finally provided Plaintiff with the address for the Marshals, should Plaintiff wish to address the issue with that agency. (*Id.*)

Plaintiff once again appealed this decision. Defendants allege that they rejected his appeal in October 2004 on the basis that it exceeded the page limitation. (Defs.' Mot. at 5.) Defendants allege that they sent Plaintiff a notice of rejection, along with notification that he could resubmit his appeal within fifteen days. (*Id.*) Plaintiff maintains that he never received any such rejection. (Pl.'s Resp. at 7-9.)

On December 12, 2006, Plaintiff filed his complaint alleging a violation of his right to access the courts by Defendants' failure to provide him with state law books. (*See generally* Pl.'s Compl.) On June 4, 2007, Defendants filed a "Motion to Dismiss and/or for Summary Judgment," arguing that (1) qualified immunity bars Plaintiff's claims, (2)

the claims against Defendants Harley Lappin and Paul Corts should be dismissed for lack of personal jurisdiction, (3) the claims against Defendants should be dismissed for insufficiency of service of process and (4) Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a).  (*See generally* Defs.' Mot.)

## II.  STANDARD

### A.  Rule 56 Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor."  *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).  "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial.  *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party must first show the absence of a genuine issue of material fact.  *Plant*

*v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 (emphasis and alteration in original) (citation omitted) ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### B. Rule 12(b)(6) Motion to Dismiss

When ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. . . ." *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,*

5

301 F.3d 482, 489 (6th Cir. 2002). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,1974 (2007).

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S.Ct. at 1964-65 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 127 S.Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

6

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

### III. DISCUSSION

The core of Plaintiff's claims is that the lack Michigan law books at the federal facility where he was incarcerated denied him the ability to challenge his state convictions and sentences, and thus deprived him of his Constitutional right to access to the courts. Defendants counter that Plaintiff fails to state a sufficient constitutional claim and, as government officials performing discretionary functions, they enjoy qualified immunity from Plaintiff's claims. (Defs.' Mot. at 12-16.) Defendants further aver that even if Plaintiff could establish a violation of his Constitutional right to access to the courts, Plaintiff cannot demonstrate that Defendants are the parties responsible for that violation. (*Id.* at 16.) For the reasons stated below, the court agrees with Defendants' final assertion.

Prisoners have a Constitutional right to access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The test of the adequacy of the facilities and resources made available to prisoners is whether they provide "meaningful access" to the courts. *Id.* at 823. However, where state prisoners are held in federal custody, federal officials need not provide them with state legal materials. *See Corgain v. Miller*, 708 F.2d 1241, 1250-51 (7th Cir. 1983); *Brown v. Smith,* 580 F. Supp. 1576, 1578 (M.D. Pa. 1984) (holding that federal authorities are not responsible for providing state legal materials in

7

federal penal institutions).  As the *Brown* court observed:

> [I]t is not feasible for the Bureau of Prisons to provide or require state officials to provide legal materials for state prisoners incarcerated in federal institutions.  The primary reason for this is that it would create an enormous burden mindful of the number of states and territories which have contracted to have their prisoners housed by the Bureau of Prisons . . . it can hardly be expected that each penitentiary contain legal materials for each of the fifty states.

*Brown,* 580 F. Supp. at 1578 (quoting *Clency v. Attorney Gen. for the State of Ala., et al.*, No. 82-0178, slip op. (M.D. Pa. Nov. 30, 1982)).[2]  Consequently, Plaintiff's assertion that Defendants, all of whom are federal employees, had a duty to provide him with Michigan law books is without merit.

Even if Plaintiff is able to establish (1) that he had a Constitutional right to access to Michigan law books while incarcerated in a federal facility and (2) that his right to access to Michigan law books was violated, he cannot establish that the violation was committed by Defendants.  Because Plaintiff cannot demonstrate that these federal employee Defendants violated his Constitutional right to access to the courts, his claims fail.  Accordingly, the court will grant Defendants' "Motion to Dismiss and/or for Summary Judgment."[3]

### A. Defendants Hershberger and Bybee

Moreover, the court finds that the analysis warranting summary judgment/dismissal in favor of the Defendants who were served and joined in the motion for summary judgment/dismissal applies equally to the unserved Defendants

---

[2]*Clency's* Westlaw citation is unavailable.

[3]In light of the court's resolution of this issue, it need not address the remaining three arguments upon which Defendants base their motion.

Hershberger and Bybee. Even if Plaintiff can show that Hershberger and Bybee had been properly served, such a proposition is of no consequence to the court's analysis. It is beyond dispute that the defense successfully asserted by the served Defendants applies also to Hershberger and Bybee because they are federal employees who have no duty to provide Plaintiff with state law books. *Corgain,* 708 F.2d at 1250-51. Accordingly, the court will dismiss Plaintiff's claims against Hershberger and Bybee because of the inescapable conclusion that Hershberger and Bybee could not have violated Plaintiff's Constitutional right to access to the courts.

## IV. CONCLUSION

IT IS ORDERED that Defendants' "Motion to Dismiss and/or for Summary Judgment" [Dkt. # 14] is GRANTED.

IT IS FURTHER ORDERED that the claims against Defendants Hershberger and Bybee are DISMISSED.

IT IS FURTHER ORDERED that this case is DISMISSED.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: November 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 27, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner  
        Case Manager and Deputy Clerk